**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

13-4104
_____

FRANCINE COLE,
Individually and as Co-Administrator of
the Estate of Bevelyn D. Cole,
                                                     Appellant

v.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-11-cv-01026)
District Judge:  Hon. Jose L. Linares

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2014

Before:  CHAGARES, HARDIMAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: December 4, 2014)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

        After the death of her sister Bevelyn D. Cole ("Bevelyn"), Francine Cole ("Cole")

brought a law suit pursuant to the Employee Retirement Income Security Act ("ERISA"),

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

29 U.S.C. § 1001, et seq., challenging Guardian Life Insurance Company of America's ("Guardian") denial of an accidental death benefit. Cole now appeals the District Court's grant of summary judgment to Guardian and its subsequent denial of Cole's motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. Bevelyn worked at the Bonnie Brae School, where Guardian provides two forms of life insurance – a Basic Life benefit and an Accidental Death benefit – to employees under the Bonnie Brae Group Insurance Plan ("the Plan"). Guardian is a fiduciary of the Plan and has authority to determine eligibility for Basic Life and Accidental Death claims. Bevelyn enrolled in the plan on September 2, 2004. Bevelyn's enrollment form designates her nephews, Joseph Cole ("Joseph") and George Johnson ("George"), as her beneficiaries under the Plan. It is undisputed that when Bevelyn died, on June 19, 2005, neither Bevelyn's estate ("the Estate") nor Cole was named as a beneficiary.

On October 9, 2007, Cole notified Guardian in writing of Bevelyn's death. Cole was a co-administrator of the Estate, and in October and December, Cole sent notice to Guardian that "the [E]state may file an action to override the beneficiaries to place the funds into a trust account until they reach a certain age" and asked Guardian to "refrain from processing a death claim at this time." Appendix ("App.") 373. She notified Guardian that she was "contesting the signature" on the enrollment form and asked that

2

Guardian "withhold any benefits payable." Id. On January 14, 2008, Cole wrote to Guardian that the "Estate is not submitting a claim for the proceeds at this time . . . ." Id.

Bevelyn's death obliged Guardian to pay a Basic Life benefit of about $69,000, including interest. On December 13, 2007, Guardian received Group Life Claim Forms signed by George and Joseph. App. 376. Guardian initiated an interpleader action regarding the Basic Life benefit on July 8, 2008 in the United States District Court for the District of South Carolina, joining Cole, the Estate, the co-administrator of the Estate, George, and Joseph. The court granted Guardian's motion for interpleader relief and released and discharged it from all claims. On March 6, 2009, Cole, George, and Joseph – the remaining parties in the interpleader action – reached a settlement whereby each would receive "a one[-]third equal division of the insurance proceeds" for the Basic Life benefit, as well as a one-third division of the Accidental Death benefit, "should Guardian approve the insurance claim . . . ." Cole Br. 11. The settlement agreement did not address who was a beneficiary under the Plan. App. 350-51.

Guardian subsequently denied the Accidental Death benefit claim, and on February 23, 2011, Cole filed an action in the District of New Jersey challenging the denial and the process by which Guardian notified the parties of the denial. Guardian filed a motion for summary judgment arguing, inter alia, that Cole did not have standing to sue under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). The District Court granted the motion for summary judgment on the ground that Cole lacked standing, and it subsequently denied Cole's motion for reconsideration. Cole timely appealed.

3

II.

The District Court had jurisdiction pursuant to 29 U.S.C. 1132(e)(1), and we have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of summary judgment, applying the same standard the District Court applied. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). That is, we "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In doing so, "we view all evidence in the light most favorable to the non-moving party." Kurns v. A.W. Chesterton Inc., 620 F.3d 392, 395 (3d Cir. 2010).

We review the District Court's denial of the motion for reconsideration for abuse of discretion, but we review underlying legal determinations de novo and factual determinations for clear error. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

III.

Cole devotes most of her brief, including the entire argument section, to the contention that she has standing[1] because "[t]he interpleader action in the South Carolina

---

[1] It is not clear from Cole's briefing whether she contends that she or the Estate is the beneficiary. She frames the question as whether "Appellant/Plaintiff has standing as a beneficiary . . . ." Cole Br. 2. Cole brought the District Court action "Individually, and as Co-Administrator of the Estate of Bevelyn D. Cole," id. at 1, so "Appellant/Plaintiff" could refer to either Cole or the Estate. But she also maintains that she has status as a beneficiary because the Plan "provide[s] for standing to an Estate as a beneficiary under the plan if there is no other beneficiary at the time of the insured's death," id. at 4, suggesting that in her view, the Estate is the beneficiary. Under the Plan, if there is no

4

District Court finally determined that the Appellant/Plaintiff is a proper beneficiary under the ERISA Plan as the Law of the Case," Cole Br. 19, and that in finding that neither Cole nor the Estate was a beneficiary, the District Court "failed to properly apply principles of Res Judicata, Collateral Estoppel and Judicial Estoppel . . . ." Id. at 18. In the statement of the case, Cole also argues that she has standing because she or the Estate "is the beneficiary if there are no other named beneficiaries . . . ." Id. at 4. We will consider each of these arguments in turn.

A.

Under ERISA's civil enforcement provision, 29 U.S.C. § 1132, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B). As we have stressed, "[b]y its terms, standing under the statute is limited to participants and beneficiaries." Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

---

named beneficiary at the time of the insured's death, Guardian will pay benefits to, inter alia, "your estate" or "your brothers and sisters." App. 368. It therefore seems that Cole could argue that either she or the Estate should have been the beneficiary. The District Court addressed both possibilities, see, e.g., Cole v. Guardian Life Ins. Co., No. 11-1026, 2013 WL 4039025, at *9 (D.N.J. Aug. 7, 2013) ("there is simply no evidence in the record showing that Plaintiff (or decedent's estate) were . . . designated as beneficiaries under the Plan."), and we will do the same.

Cole does not contest that only participants and beneficiaries may sue under 29 U.S.C. § 1132(a)(1)(B). Instead, she argues that she is a beneficiary because, as she contends, the South Carolina action "finally determined that the Appellant/Plaintiff is a proper beneficiary under the ERISA Plan," Cole Br. 6, and that this finding has collateral estoppel effect, precluding a determination that she or the Estate is not a beneficiary.

Collateral estoppel bars a party to an earlier action from litigating an issue in a later action if: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995).

In spite of Cole's assertions to the contrary, the issue of whether she or the Estate was a beneficiary of the Plan was not "actually litigated and determined by a valid and final judgment," Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (quotation marks omitted), in the South Carolina action. That action ended with a settlement agreement that controlled the division of the Basic Life benefit, but as described above, it made no mention of who was a beneficiary under the Plan. See App. 351. Cole's argument that "[i]n the Interpleader Action, Appellee/Defendant itself acknowledged in paragraph 4 of the Interpleader Complaint that 'Guardian cannot determine the proper beneficiary of the Basic Life Plan Benefits,'" Cole Br. 21, is irrelevant, for the settlement agreement explicitly provides that "[n]othing herein shall be deemed as an admission of, or concession to, any matter alleged in the pleadings . . . ." App. 351.

6

The issue of whether Cole or the Estate was a beneficiary under the Plan was not actually litigated or decided in the South Carolina action, and so collateral estoppel does not compel a finding that Cole has standing as a beneficiary based on that action. Because George and Joseph were the sole beneficiaries named on the enrollment form, and they were alive when Bevelyn died, they are the beneficiaries, not Cole or the Estate, and the South Carolina action does not preclude such a finding.[2]

B.

Cole also argues that either she or the Estate has standing as a beneficiary under the Plan, because "Appellant/Plaintiff . . . is the beneficiary if there are no other named beneficiaries . . . ." Cole Br. 4. She contends that the enrollment form naming Joseph and George as beneficiaries is fraudulent and therefore invalid. She argues the form is fraudulent because "it was not filled out correctly." Id. For example, "the date of the insured's signature is incorrectly listed as her birthdate instead of the date of her signature," and "the decedent, who was a meticulous and qualified teacher, would not have made such mistakes in filling out the enrollment form . . . ." Id. at 4-5.

Cole points to no evidence in the record of fraud, relying only on this highly speculative and unsupported conjecture. We agree with the District Court that based on

---

[2] Cole asserts that the South Carolina action has res judicata effect, which we construe as issue preclusion in this context. As the Supreme Court explained in Taylor v. Sturgell, 553 U.S. 889, 892 (2008), "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Id. at 892. Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment . . . ." Id. (quotation marks omitted). Cole also makes a judicial estoppel argument. For the reasons set forth above, both arguments are unavailing.

7

this evidence, no reasonable juror could have concluded that the enrollment form was not authentic.

## C.

We turn to Cole's appeal of the District Court's denial of her motion for reconsideration. Reconsideration is warranted where there is a need "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). A party seeking reconsideration must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. The motion for reconsideration in this case merely restated Cole's earlier arguments regarding the allegedly fraudulent nature of the enrollment form, see Cole Br. in Support of Motion for Reconsideration 2, and her collateral estoppel argument. See id. at 3. Cole's motion included none of the factors we described in Max's Seafood Café as warranting reconsideration, and the District Court did not abuse its discretion in denying Cole's motion.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.